**TRUSLEY, Petitioner, v. ECKLE, Supt., Respondent.**

Ohio Appeals, Second District, Madison County.

No. 213.   Decided July 12, 1956.

Cecile J. Shapiro, Columbus, for petitioner.

C. William O'Neill, Atty. Genl., By John W. Shoemaker, Asst. Atty. Genl., Columbus, for respondent.

364

## OPINION

By THE COURT:

Relator filed a petition for a writ of habeas corpus in which he seeks his release from the Ohio Penitentiary.

Relator at one time was being held under two sentences. On May 6th, 1950, relator was committed to the Ohio Penitentiary by the Common Pleas Court of Franklin County on a charge of assault with intent to rob, the sentence being one to fifteen years. At the time of the commission of this offense relator was on parole from the Ohio State Reformatory, where he had been committed by the Common Pleas Court of Franklin County on a charge of armed robbery, the sentence being ten to twenty-five years. When the second commitment was made, the case involving assault with intent to rob was numbered 89895A, and subsequently a book transfer was effected involving the armed robbery commitment, whereby the case was transferred from the Ohio State Reformatory to the Ohio Penitentiary, and was numbered 89895B. On May 15th, 1956 relator was released on parole in both cases, the paroles to run concurrently. At the meeting of the Pardon and Parole Commission, held on January 18, 1955, relator was granted a final release from parole and sentence in the case involving the charge of assault with intent to rob, being number 89895A. It is so designated on the official minutes of the Commission. However, in typing the certificate of release which is furnished the prisoner, the typist erroneously designated the case as number 89895B, instead of 89895A. The Bureau of Probation and Parole continued to exercise supervision and control over the relator. On October 10th, 1955, the relator was returned to the London Prison Farm by reason of parole violation. After his return to confinement, upon inquiry by relator, the error was discovered.

The relator contends that inasmuch as the certificate of release purported to release him in case number 89895B, though erroneously, he has been legally released in that case, and also since the paroles ran concurrently the release issued in the one case had the legal effect to release him in the other case.

There is no merit in either contention. Clearly the release was granted in case number 89895A, in which case the time for which he was sentenced had expired. The Commission had no authority to issue a release in case number 89895B, in which case the time of the sentence had not expired. Furthermore, relator had been granted a release in one case only, not two cases. Only one release was issued.

The official minutes of the Commission are public records (§2965.05 R. C.), and control in determining the legal effect of the action of the Commission. As against the official minutes, the certificate has no legal significance.

Writ denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.